UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANTON POLIDORI,

                              Plaintiff,

                                                    DECISION AND ORDER

                                                    06-CV-6004L

               v.

DEBRA JOY, et al.,

                              Defendants.
_____


  Plaintiff, Anton Polidori ("Polidori"), was convicted in Monroe County Court in 2001, by

guilty plea, of criminal possession of a controlled substance, third degree, for which he received a

term of 3 to 9 years imprisonment with the New York States Department of Corrections ("DOCS"),

and four separate counts of driving while intoxicated ("DWI") for which he received four concurrent

terms of 1 to 3 years imprisonment.  Deposition of Anton Polidori, p. 8-9,  (hereinafter "Polidori

Dep."), attached as Exhibit A to Declaration of Tamara B. Christie, (Dkt. #22).  Polidori was

released from custody, on parole, in October 2004.

  He asserts three causes of action alleging violations of his procedural due process rights,

improper denial of the right to participate in a release program and improper limitations on his right

of association.  Polidori seeks $1,000,000 in compensatory damages and $5,000,000 in punitive

damages, on each cause of action.

The matter is before the Court on cross-motions for summary judgment. Plaintiff's motion for summary judgment (Dkt. #17) is denied and defendants' cross-motion for summary judgment (Dkt. #21) is granted and the complaint is dismissed.

## FACTS

The relevant facts are not in dispute. Polidori was allowed to participate in DOCS' Temporary Release Program. This program is designed to integrate inmates back into society. In November 2002, Polidori abused alcohol and, thereafter, agreed to participate in a 60-day Relapse Program. Declaration of David Heinsler (hereinafter "Heinsler Dec."), ¶ 4. Because of that relapse, which plaintiff does not dispute, (Polidori Dep., ¶ 19, 20). Polidori was temporarily removed from the TRP. Upon completion of the Relapse Program, Polidori was allowed to continue to participate in the TRP.

A misbehavior report was issued against Polidori in May 2003 for violating TRP rules, specifically for working on his furlough days but neglecting to surrender his pay for such employment. Upon issuance of the misbehavior report, Polidori was removed from the Rochester Correctional Facility and confined at the Orleans Correctional Facility. Declaration of Debra Joy (hereinafter "Joy Dec."), ¶ 7.

A Tier III Disciplinary Hearing was held on the charge on July 9, 2003. Polidori was present at that hearing. (Joy Dec., ¶ 8). Polidori was sentenced to 60 days and lost one month good-time credit and was confined at the Orleans Correctional Facility to serve the sentence. (Joy Dec., ¶ 9).

Five days later, on July 14, 2003, the Temporary Release Committee met at the Rochester Correctional Facility and determined that Polidori should be removed from the TRP because of the jail sentence and commitment on the misbehavior report.   Polidori was not present at that proceeding.  (Joy Dec., ¶ 11, 12).  Polidori now claims that his absence from that hearing violated his rights to procedural due process.

About a year later, on June 7, 2004, the prior decision on the Misbehavior Report was reversed and shortly thereafter Polidori was reinstated to the TRP.  (Joy Dec., ¶ 14, 15).

Polidori continued to have problems complying with the requirements of the Temporary Release Program.  After a hearing, he was once again removed from the program because of his contact with a prohibited person.  (Joy Dec., ¶ 16, 17).  About six weeks after his removal from the TRP, Polidori was released from custody to parole.  About two years later, he commenced this action.

## DISCUSSION

Plaintiff raises three principal claims.  First, he claims that his right to procedural due process was violated when he was removed from the TRP without a separate hearing before the Temporary Release Committee.  Plaintiff had  received a Tier III Hearing on the Misbehavior Report and was placed in custody for 60 days at the Orleans Correctional Facility.  It was the determination and Polidori's confinement that caused the Temporary Program Committee to revoke plaintiff's participation in the TRP.

Polidori claims that his absence from the proceedings before the Temporary Program Committee violated his procedural due process rights. He seeks damages now for that denial.

This precise issue was addressed in *Anderson v. Recore,* 446 F.3d 324 (2d Cir. 2006). Defendants contend that this case is dispositive of Polidori's claim concerning the due process violation, and I agree. The *Anderson* court reiterated that an inmate does have a liberty interest and, therefore, a procedural due process right to a hearing before revocation of his right to participate in the TRP. The plaintiff in *Anderson*, like Polidori here, had received a Tier III Hearing on a Misbehavior Report and both were convicted and sentenced to confinement because of their violations. The *Anderson* court agreed with the defendants' contention that they were entitled to qualified immunity and dismissed the complaint. The same result should occur here.

The matters about which Polidori complains occurred in July 2003, several years before the decision in *Anderson* was entered. In determining whether defendants were entitled to qualified immunity, the *Anderson* court felt that a reasonable official would not know that the failure to provide a hearing before the Temporary Release Committee was a violation of due process, given that the plaintiff had charges sustained against him at a Tier III Hearing and was physically confined in another facility. *Anderson,* 446 F.3d at 334.

Although the right of an inmate to have a hearing prior to removal from the Temporary Release Program may have been established before 2003, it was not established until the *Anderson* case in 2006 that even if an inmate had a Tier III Hearing, and was confined, he still was entitled to a hearing before the Temporary Release Committee. Since that was not established with clarity until the *Anderson* decision in 2006, I believe the officials here are entitled to the same qualified immunity

- 4 -

that was granted the defendants in *Anderson*. It was not unreasonable for an official on the Temporary Release Committee to believe that no new hearing was necessary since Polidori just had a hearing a few days earlier at the Tier III proceeding and was now confined to custody as a result of that hearing.

Plaintiff also claims that his federal constitutional rights were violated when he was denied participation in a furlough program, denominated as the "5/2" Program.  Inmates are let out of the institution for five days and must return on the remaining two days.  It appears that plaintiff was not eligible at the time for such placement due to the nature of one of his convictions, DWI, and because he was already participating in a different program, the TRP Program.  Declaration of Sheryl Zenzen (hereinafter "Zenzen Dec."), ¶ 14, 15.  Polidori conceded at his deposition that he was told that he could not participate in the 5/2 Program because of his DWI conviction (Polidori Dep., p. 32).

There is no right, constitutional or otherwise, for a state inmate to participate in such a program.  There is no constitutional right affected by defendants' determination not to allow his participation, and this claim must be dismissed.

Plaintiff also claims that his First Amendment rights were violated because the Temporary Release Committee directed that he have no contact with his "girlfriend" for 30 days, while in the TRP, because she was deemed to an "enabler" and could hinder his recovery and treatment. (Zenzen Dec., ¶ 8, 9).  It is well established that as long as there are legitimate penological reasons, restrictions on an inmate's right to associate with others is proper.  The modest limitation here is reasonable and is related to the treatment needs of Polidori and does not violate the limited First Amendment rights retained by such an inmate.

## CONCLUSION

Plaintiff's motion for summary judgment (Dkt. #17) is denied.  Defendants' cross motion for summary judgment (Dkt. #21) is granted and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
        January 18, 2008.